Smith, P. J.
The plaintiff leased a farm, in Genessee county, to one Bushman, for the term of three years, from April 1, 1884, and the defendant guaranteed in writing that Bushman would pay the rent. Bushman took possession, of the farm and left it at the end of one year. The action is on the guaranty. The defense is that the defendant was-induced to sign the guaranty by false and fraudulent representations respecting the quality and condition of the farm, made by the plaintiff’s husband, Ignatz Thalheimer, who negotiated the lease, as her agent. There was conflicting evidence on that subject which was submitted to the jury. Among other instructions given to the jury, the court, charged, in substance, that in case the defendant was induced by such representations to make the guaranty, he would be bound, if he desired to avoid his liability upon it, to disaffirm his liability as soon as he discovered that the representations to him were fraudulent; and the question whether he had so disaffirmed within a reasonable time after he discovered that the representations were fraudulent, was left to the jury. The defendant’s counsel requested the court to charge that there was no evidence that the defendant discovered that the farm was not as represented until after Bushman left it. To that the court rephed: “The jury will say how that is.” To that remark, and also to the refusal to charge as requested, the defendant’s counsel excepted.
The question whether there was any evidence of the fact above stated was a question of law, and it' was error to-leave it to the jury.
We think it was also error to refuse to charge as requested. So far as we have discovered, the case is barren of evidence of the character referred to. The defendant lived in Eochester. He testified that when Thalheimer called on him and told him Bushman had not paid the rent,, he had not been on the farm since the lease was signed, and knew nothing of it or of the rent, and that he told Thalheimer that it was something he knew nothing about. On cross-examination, he testified that he paid no attention to the farm and knew nothing about it for more than a year after the conversation which resulted in his signing the guaranty. That testimony was not controverted.
The learned county judge, in his opinion denying the motion for a new trial, adverts to the fact that the defendant testified that Thalheimer told him, on the 17th of March, 1885, that Bushman had not paid the rent; that a. short time afterwards he called again, and defendant said if he didn’t hear from Bushman he would go and see him, and that subsequently, not having heard from him, he did go and see him and wanted to know why he hadn’t paid.. *441 The time when this occurred is not stated. The county judge says it apparently was before Bushman left the place, but we find no evidence in the case from which it can be determined whether at the time Bushman was living on the farm, or in the village of Batavia, to which he removed when he left the farm. Nor does it appear that the defendant learned the falsity of the representations on that visit to Bushman, at whatever date it occurred. The county judge remarks, in his opinion, that the defendant-then naturally would learn what fault Bushman had to find with the place, but the conclusion that he did so is speculative merely, and the burden of proof on the point is with the plaintiff. As well might it be surmised that if the defendant had then learned the falsity of the representations, he would have spoken of it when Thalheimer called on him subsequently to pay the rent, but of that there is no proof.
For these reasons, without commenting on the other questions in the case, we think the judgment and order should be reversed and a new trial ordered in the Monroe-county court, costs to abide event.
Haight and Bradley; JJ., concur.